```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                CIVIL NO. 21-2692(DSD/JFD)
```

PolyTek Surface Coatings, LLC,
d/b/a Penntek Industrial Coatings,

        Plaintiff,

v.                                                 **ORDER**

Ideal Concrete Coatings, Co.

        Defendant.

    O. Joseph Balthazor, Jr., Esq. and Taft Stettinius & Hollister LLP, 2200 IDS Center, 80 South Eight Street, Minneapolis, MN 55402, counsel for plaintiff.

    Erin O. Dungan, Esq. and Padmanabhan & Dawson, P.L.L.C., 45 South Seventh Street, Suite 2315, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss for lack of personal jurisdiction by defendant Ideal Concrete Coatings, Co. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of allegations by plaintiff PolyTek Surface Coatings, LLC d/b/a Penntek Industrial Coatings (Penntek) that Ideal improperly used Penntek's intellectual property after termination of their business relationship. Penntek is a Minnesota

limited liability company with its principal place of business in Minnesota.  Compl. ¶ 3.  Ideal is an Ohio corporation with its principal place of business in Ohio.  Id. ¶ 4.

Ideal and Penntek operate in the same industry and provide coatings for concrete floors.  Id. ¶ 32.  Ideal works directly with customers, supplying and installing equipment and products.  Holibaugh Decl. at ¶ 2.  Penntek, on the other hand, manufactures similar products but partners with authorized dealers to sell those products to consumers.  Compl. ¶¶ 10-11.  To facilitate marketing and advertising efforts, Penntek provides its authorized dealers with promotional materials, brochures, photos, and digital images.  Id. ¶ 15.  If an authorized dealer relationship is terminated, Penntek requires the former dealer to cease using and remove its logo and materials.  Id. ¶ 16.

In March 2017, Ideal's owner, David Holibaugh, attended a trade show and met with representatives of Penntek.  Holibaugh Decl. ¶ 5. After discussions, Ideal and Penntek agreed that Ideal would become Penntek's authorized dealer in the Columbus, Ohio, area.  Id.  In May 2017, Holibaugh traveled to Penntek's facilities in Minnesota for training and dealer certification.  Id.  Shortly thereafter, Ideal began selling Penntek's products.  Id. ¶ 6.  During its time as an authorized dealer, Ideal ordered approximately $400,000 worth of products from Penntek for resale.  Id. ¶ 6.  Holibaugh also attended a second training session in

Minnesota in 2018, bringing along three subcontractors.  Id. ¶ 5. Then, on June 25, 2019, Ideal's authorized dealer relationship was terminated.[1]  Id.

In August 2021, Penntek filed a lawsuit against Ideal in Ohio state court for $31,000 of allegedly unpaid invoices.  Id. ¶ 7. Then, in December 2021, Penntek filed this case, alleging that despite the termination, Ideal continued to use Penntek's mark to advertise its concrete coating products and hold itself out as a Penntek authorized dealer.  Compl. ¶ 38.  Penntek asserts four claims: trademark infringement, trade dress infringement, unfair competition,[2] and violation of the Minnesota Uniform Deceptive Practices Act.

Ideal now moves to dismiss, arguing that this court does not have personal jurisdiction over it.  Ideal argues that it has never had substantive contact with Minnesota and that Penntek's claims do not arise out of the limited contacts it does have with the forum.  Penntek concedes that the court does not have general personal jurisdiction over Ideal, but it argues that specific personal jurisdiction exists because Ideal contracted with a

---

[1] The parties dispute who terminated the relationship and the reason for the termination, but the dispute does not impact the court's analysis in this case.
[2] Penntek's trademark infringement, trade dress infringement, and unfair competition claims all arise under the Lanham Act.

Minnesota company, purchased goods from Minnesota, and sent its owner to visit the state.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (citations omitted). In the absence of an evidentiary hearing, the court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). The court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." Pederson v. Frost, 951 F.3d 977, 979 (8th Cir. 2020) (citation omitted).

### II. Analysis

A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due

Process Clause," the court need only consider due process requirements. Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted). Whether the exercise of personal jurisdiction over a defendant comports with due process depends on whether the defendant has sufficient contacts with Minnesota such that it "should reasonably anticipate being haled into court" here. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 292 (1980); see also Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). The court looks to a defendant's contacts with the forum state to determine whether it has "purposefully avail[ed] itself of the privilege of conducting activities" in that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

A defendant's contacts with the forum state may allow the court to exercise jurisdiction that is either general or specific. Id. at 473 n.15; see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011). Under the Due Process Clause, the court may exercise general jurisdiction "to hear 'any and all claims against' a defendant if its 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015) (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)). Alternatively, the court may exercise specific jurisdiction when the defendant

5

has sufficient minimum contacts with the forum state and the cause of action arises from those contacts. Id. at 979–80 (citing Daimler, 571 U.S. at 127).

As a preliminary matter, the court does not have general jurisdiction over Ideal. A corporation is deemed "at home" at its place of incorporation, principal place of business, or in an "exceptional case." Daimler, 571 U.S. at 760, 761 n.19. Ideal is not incorporated and does not have its principal place of business in Minnesota. Furthermore, Penntek does not argue that these circumstances warrant exercise of general jurisdiction under an "exceptional case." Consequently, the court cannot exercise general jurisdiction over Ideal.

The question, then, is whether the court has specific jurisdiction over Ideal. It does not. The key to this issue is whether "the defendant's suit-related conduct ... create[d] a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014). Penntek identifies Ideal's contacts with Minnesota as sending its owner on two visits to Minnesota, contracting with a Minnesota company, ordering $400,000 worth of products from Minnesota, and infringing on a Minnesota company's trademark. In contrast, Ideal argues that even if these facts amount to contacts with Minnesota, none of the suit-related conduct occurred in Minnesota. Ideal contends that Penntek's suit stems from alleged misconduct that took place exclusively in Ohio.

6

The court agrees with Ideal. The claims here arise from Ideal's alleged continued use of Penntek's trademark and trade dress after termination of Ideal's authorized dealer contract. But Ideal never marketed or advertised products in Minnesota. Further, Ideal never sold products in or to Minnesota. Its alleged acts occurred in and impacted customers in Ohio. Under these circumstances, Ideal's suit-related conduct does not create a substantial connection with Minnesota.

The court further finds that it does not have personal jurisdiction over Ideal under the Calder effects test. Calder v. Jones, 465 U.S. 783 (1984). Under the Calder effects test, Penntek would need to make a "prima facie showing that [Ideal's] acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered-and which the defendant knew was likely to be suffered-there." Zumbro, Inc. v. Cal. Natural Prods., 861 F. Supp. 773, 782-82 (D. Minn. 1994). "[T]his test 'allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state.'" Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (internal quotations and citation omitted).

Ideal's alleged acts do not meet this standard. Penntek alleges that Ideal used Penntek's mark on its website, social media accounts, show booths, trailers, and vehicles; displayed Penntek's

7

mark at a Columbus, Ohio, trade show; included Penntek's mark as a metatag embedded in the code underlying on Ideal's passive website; and copied the look and feel of Penntek's website. Even taking these facts as true, as the court must do, it does not show that the consequences of these actions were uniquely aimed at Minnesota. Ideal operates in and sells to customers in the Columbus, Ohio, region. Penntek failed to plead facts showing that Ideal's alleged acts targeted or were expressly aimed at an entirely different sales region. Thus, the court cannot exercise specific jurisdiction over Ideal given these facts.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 11] is granted; and

2. The claims against Ideal are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 4, 2022

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court